UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X  NOT FOR PUBLICATION

OWEN NICHOLS,

                Plaintiff,  **MEMORANDUM AND ORDER**

  -against-  19-CV-2884 (AMD) (LB)

MARITZA VELAZQUEZ, #272; Deputy Warden
ESH/O.B.C.C.; JOHN RENE, Warden O.B.C.C.;
FREEMAN WILLIAMS, Div. Chief O.B.C.C.;
JANE LANDAZURI, #9133, C.O.; HAZEL
JENNINGS, Chief of Dept. of Corr.; HEIDI
GROSSMAN, Gen. Counsel; MICHELE M.
OVESEY, Gen. Counsel; JAMES BOYD, Exec.
Dir. O.C.G.S.; MARTHA W. KING, Exec. Dir.;
KATE McMAHON, Dep. Gen. Counsel; SHERIE
TRIPP, Dir. Monitoring and Corr. Standards;
CHRISTIN HARRIS, Corr. Review Standards
Specialist,

                Defendants.

------------------------------------------------------------X

**ANN M. DONNELLY, District Judge:**

The incarcerated *pro se* plaintiff brings 42 U.S.C. § 1983 claims against various state and city corrections officials for violations of his Eighth and Fourteenth Amendment rights.[1] (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this order. For the reasons discussed below, the complaint is dismissed without prejudice.

## BACKGROUND

The plaintiff alleges that he is incarcerated at the Enhanced Supervision Housing unit of Rikers Island[2] and there are no fire safety sprinkler systems in the individual cells. (ECF No. 1

---

[1] The Court received the complaint on May 31, 2019, but the complaint itself is not dated. (ECF No. 1.)
[2] The plaintiff says in the complaint that he resides in O.B.C.C. Correctional Facility in East Elmhurst. (ECF No. 1.) On June 6, 2019, the plaintiff notified the Court that his address changed to G.R.V.C. in East Elmhurst. (ECF No. 6.) Because the plaintiff no longer lives in O.B.C.C., and his claims are based on conditions in O.B.C.C., his claims are likely moot.

1

¶¶ 1,4.) The plaintiff asserts that the situation "imposes an imenent [*sic*] threat of detrimental harm" and violates his rights under the Eighth and Fourteenth Amendments. (*Id.* ¶¶ 4, 14.) He alleges that he "exhausted administrative remedies;" he filed an institutional grievance on April 12, 2019, but says that the Grievance Coordinator, defendant Officer Landazuri, "did not conduct a physical inspection of her own." (*Id.* ¶¶ 6-9.)[3] The plaintiff seeks $10,000 in punitive damages and $50,000 in compensatory damages from each defendant. (*Id.* at 16.)

## DISCUSSION

Because the plaintiff is proceeding *pro se*, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even under that standard, his complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

---

[3] He attaches copies of the grievances he filed and the responses he received, including the May 17, 2019 decision of the New York City Board of Correction on appeal. (ECF No. 1 at 5-13.)[3] The New York City Board of Correction found that the sprinkler system in the Enhanced Supervision Housing unit complied with the National Fire Protection Safety Association Standards for "Existing Detention and Correctional Occupancies" and the New York City Fire Code, neither of which requires sprinklers in each individual cell. (*Id.* at 11-12.)

2

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant he names. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The complaint must include enough facts so that each defendant will understand the nature of the plaintiff's complaint, and whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555-56.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). This Court is required to review the complaint in every civil action in which a prisoner seeks redress from a governmental entity or its officers or employees, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

The plaintiff cites the Eighth and Fourteenth Amendments, which require that prisoners and detainees be housed under humane conditions. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (describing Eighth Amendment protections for convicted prisoners); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment."). A complaint claiming inhumane conditions of confinement may assert a constitutional deprivation

if it alleges "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The plaintiff must show that an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The complaint fails to state a plausible claim for relief under the Eighth and Fourteenth Amendments. The plaintiff asserts that his constitutional rights have been violated, but the only factual allegation he makes is that there are no sprinklers in the individual cells in the Enhanced Supervision Housing unit. He does not make allegations against most of the named defendants, nor explain how they are involved. The plaintiff has not alleged that the fire system in place presents a constitutional deprivation that caused him harm, nor has he alleged that any issue with the fire system rises to the level of a "risk of serious harm." *See Farmer v. Brennan*, 511 U.S. at 834. His allegations of potential harm are conclusory, speculative and do not provide a sufficient basis from which this Court can infer a violation of his constitutional rights. Accordingly, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii).

## CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i),(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly

United States District Judge

Dated: Brooklyn, New York
June 13, 2019